UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CARL ROBERTS,                                                 :

                  Plaintiff,                 :              14 Civ. 9174 (AJP)

             -against-                    :              **OPINION & ORDER**

CAPTAIN JOHN DOE 1, et al.,                                   :

              Defendants.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

        Plaintiff Carl Roberts, represented by counsel, brings this § 1983 action against the City of New York, Warden Antonio Cuin, Jr., and John Doe defendants: a deputy warden of the Manhattan Detention Complex, ten DOC corrections officers and a DOC Captain.  (Dkt. No. 1: Compl.)  Presently before the Court is defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that Roberts' claim is barred by a general release executed in settling a prior case, Roberts v. Captain DiPierri, et al., 13 Civ. 4878.  (Dkt. No. 13: Motion to Dismiss; Dkt. No. 14: Gutmann Aff.; Dkt. No. 15: Defs. Br.)  By order dated February 5, 2015, the Court converted the motion to a summary judgment motion.  (Dkt. No. 21: 2/5/15 Order.)  The parties have consented to decision of this motion by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. No. 11.)

        For the reasons set forth below, defendants are GRANTED summary judgment and the case is dismissed.

## FACTS

### Roberts' Complaint

Roberts' complaint in this case ("Roberts II") alleges the following: "Between December 23, 2013 and February 20, 2014," Roberts was detained at the Manhattan Detention Complex ("MDC").  (Dkt. No. 1: Compl. ¶ 45.)  Upon entering the MDC on December 23, 2013, Roberts was strip-searched, and between December 23, 2013 and February 20, 2014, Roberts was subjected to numerous additional electronically recorded strip-searches and body-cavity searches.  (Compl. ¶¶ 46-49.)  The searches did not recover any contraband, and were conducted without justification.  (Compl. ¶¶ 47, 49, 51-53.)  The defendants, including Warden Cuin, entered into an agreement to deprive Roberts of his rights.  (Compl. ¶ 56.)

### Roberts' Prior Case

In Roberts v. Captain DiPierri, et al., 13 Civ. 4878 ("Roberts I"), Roberts alleged that on January 7, 2012, while an inmate at Rikers Island, he was assaulted by DOC Captain DiPierri.  (13 Civ. 4878, Dkt. No. 1: Compl. ¶¶ 15-17.)  Attorney D. Andrew Marshall represented Roberts in both Roberts I and Roberts II.  In August 2014, Roberts entered into a settlement agreement of Roberts I, pursuant to which he was paid $20,000 by the City of New York, $3,750 by defendant DiPierri, and $1,500 by defendant Nazario, as consideration for releasing the defendants of all liability.  (14 Civ. 9174, Dkt. No. 14: Gutmann Aff. Ex. B: General Release at 1 & Stip. of Settlement ¶ 2.)  As part of settlement, Roberts executed a document titled "General Release" on August 13, 2014, which provided:

> I, Carl Roberts . . . as "RELEASOR," in consideration of the payment of TWENTY THOUSAND DOLLARS ($20,000.00) to me by the City of New York, do hereby release and discharge the defendant the City of New York; its successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel,

collectively the "RELEASEES," from any and all liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims, <u>from the beginning of the world to the date of this General Release</u>, including claims for costs, expenses, and attorneys' fees.

(Gutmann Aff. Ex. B: General Release at 1, emphasis added.)  The General Release was notarized by Roberts' counsel, Mr. Marshall.  (Gutmann Aff. Ex. B: General Release at 2.)  On August 22, 2014, Roberts' counsel Marshall signed a "Stipulation of Settlement" which incorporated the General Release by reference.  (Gutmann Aff. Ex. B: Stip. of Settlement ¶¶ 2, 4.)  The Stipulation of Settlement included an integration clause.  (Gutmann Aff. Ex. B: Stip. of Settlement ¶ 8.)[1/]  On September 17, 2014, Judge Berman "So Ordered" a Stipulation and Order of Dismissal of <u>Roberts I</u>.  (13 Civ. 4878, Dkt. No. 58: 9/17/14 Order.)

## <u>ANALYSIS</u>

## I.    <u>THE MOTION IS CONVERTED TO A SUMMARY JUDGMENT MOTION</u>

A Rule 12(b)(6) motion to dismiss challenges only the face of the pleading.  Thus, in deciding such a motion to dismiss, "the Court must limit its analysis to the four corners of the complaint." <u>Vassilatos</u> v. <u>Ceram Tech Int'l, Ltd.</u>, 92 Civ. 4574, 1993 WL 177780 at *5 (S.D.N.Y. May 19, 1993) (citing <u>Kopec</u> v. <u>Coughlin</u>, 922 F.2d 152, 154–55 (2d Cir. 1991)).[2/]  The Court,

---

[1/]    This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions herein.

(Gutmann Aff. Ex. B: Stip. of Settlement ¶ 8.)

[2/]    <u>Accord</u>, <u>e.g.</u>, <u>Grant</u> v. <u>Cnty. of Erie</u>, 542 F. App'x 21, 23 & n.1 (2d Cir. 2013); <u>Faulkner</u> v. <u>Beer</u>, 463 F.3d 130, 134 (2d Cir. 2006); <u>Aniero Concrete Co.</u> v. <u>N.Y.C. Constr. Auth.</u>, 94 Civ. 3506, 2000 WL 863208 at *31 (S.D.N.Y. June 27, 2000); <u>Six W. Retail Acquisition, Inc.</u> v. <u>Sony Theatre Mgmt. Corp.</u>, 97 Civ. 5499, 2000 WL 264295 at *12 (S.D.N.Y. Mar.
(continued...)

4

however, may consider documents attached to the complaint as an exhibit or incorporated in the complaint by reference.  E.g., ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("Because this standard has been misinterpreted on occasion, we reiterate here that a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough."); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000) ("For purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . .").[3/]  The Court may also consider "matters of which judicial notice may be taken." Brass v. Am. Film Techs, Inc., 987 F.2d at 150.

When additional materials are submitted to the Court for consideration with a 12(b)(6) motion, the Court must either exclude the additional materials and decide the motion based solely upon the complaint, or convert the motion to one for summary judgment under Fed. R. Civ.

---

[2/]     (...continued)
9, 2000) ("When reviewing the pleadings on a motion to dismiss pursuant to Rule 12(b)(6), a court looks only to the four corners of the complaint and evaluates the legal viability of the allegations contained therein.").

[3/]     See also, e.g., Yak v. Bank Brussels Lambert, 252 F.3d 127, 130 (2d Cir. 2001) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), cert. denied, 503 U.S. 960, 112 S. Ct. 1561 (1992)); Paulemon v. Tobin, 30 F.3d 307, 308-09 (2d Cir. 1994); Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993); Florio v. Canty, 954 F. Supp. 2d 227, 231-32 (S.D.N.Y. 2013) (Peck, M.J.); In re Lehman Bros. Sec. & ERISA Litig., 903 F. Supp. 2d 152, 168-69 (S.D.N.Y. 2012) (quoting ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d at 98); Drum Major Music Entm't Inc. v. Young Money Entm't, LLC, 11 Civ. 1980, 2012 WL 423350 at *2 (S.D.N.Y. Feb. 7, 2012); Maniolos v. United States, 741 F. Supp. 2d 555, 560 (S.D.N.Y. 2010) (Peck, M.J.), aff'd, 469 F. App'x 56 (2d Cir. 2012).

P. 56.  See Fed. R. Civ. P. 12(d); Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000); Fonte v. Bd.

of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988).[4/]

       Defendants contend that this action should be dismissed pursuant to the Roberts I

Stipulation of Settlement and General Release, because Roberts released the "City of New York; its

successors or assigns; and all past and present officials, employees, representatives, and agents of

the City of New York or any entity represented by the Office of the Corporation Counsel" from any

and all claims or liability up to August 13, 2014, which would include the claims asserted in this

action.  (Dkt No. 15: Defs. Br. at 5-8; see also pages 2-3 above.)  Roberts' complaint in this case

does not attach, mention or incorporate by reference the Roberts I Stipulation of Settlement or

General Release.  Because the City's policy is to no longer publicly file settlement documents like

the Roberts I Stipulation of Settlement and General Release, those documents are not susceptible

to judicial notice.  The Court therefore cannot consider the Roberts I Stipulation of Settlement and

General Release on a Rule 12(b)(6) motion to dismiss.[5/]  Consideration of these documents,

however, will resolve this case and conversion of the motion to dismiss to a summary judgment

motion is appropriate.  The Court notified counsel accordingly and gave the parties time to submit

---

[4/]       However, before materials outside the record may become the basis for a dismissal, several conditions must be met. For example, even if a document is "integral" to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exists no material disputed issue of fact regarding the relevance of the document.

      Faulkner v. Beer, 463 F.3d at 134 (citations omitted).

[5/]       The Court notes that while plaintiff's counsel Marshall was correct in arguing that the Stipulation of Settlement and General Release should not be considered on a motion to dismiss, it is shocking that a lawyer still refers (Dkt. No. 17: Roberts Opp. Br. at 5) to Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957), as the standard nearly eight years after it was abrogated by Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).

any additional facts or argument in connection with the now-summary judgment motion.  (Dkt. No. 21: 2/5/15 Order.)  Neither party did so.

## II.   SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 2509-10 (1986); Humphreys v. Cablevision Sys. Corp., 533 F. App'x 13, 14 (2d Cir. 2014); Connolly v. Calvanese, 515 F. App'x 62, 62 (2d Cir. 2013); Lang v. Ret. Living Publ'g Co., 949 F.2d 576, 580 (2d Cir. 1991).

The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment.  See, e.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 1608 (1970); Alzawahra v. Albany Med. Ctr., 546 F. App'x 53, 54 (2d Cir. 2013); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 36 (2d Cir. 1994); Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994).  The movant may discharge this burden by demonstrating to the Court that there is an absence of evidence to support the non-moving party's case on an issue on which the non-movant has the burden of proof.  See, e.g., Celotex Corp. v. Catrett, 477 U.S. at 323, 106 S. Ct. at 2552-53; Dolan v. Cassella, 543 F. App'x 90, 90 (2d Cir. 2013).

To defeat a summary judgment motion, the non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts.'"  Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986)).  Instead, the non-moving party must "cit[e] to particular parts of materials in the record" to show that "a fact . . . is genuinely disputed."  Fed.

R. Civ. P. 56(c)(1); see, e.g., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. at 587,

106 S. Ct. at 1356; Alzawahra v. Albany Med. Ctr., 2013 WL 6284286 at *1; Weinstock v.

Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (at summary judgment, "[t]he time has come . . .

'to put up or shut up'"), cert. denied, 540 U.S. 811, 124 S. Ct. 53 (2003).

      In evaluating the record to determine whether there is a genuine issue as to any

material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are

to be drawn in his favor."  Anderson v. Liberty Lobby, Inc., 477 U.S. at 255, 106 S. Ct. at 2513.[6/]

The Court draws all inferences in favor of the non-moving party only after determining that such

inferences are reasonable, considering all the evidence presented.  See, e.g., Apex Oil Co. v.

DiMauro, 822 F.2d 246, 252 (2d Cir.), cert. denied, 484 U.S. 977, 108 S. Ct. 489 (1987).  "If, as to

the issue on which summary judgment is sought, there is any evidence in the record from any source

from which a reasonable inference could be drawn in favor of the nonmoving party, summary

judgment is improper."  Chambers v. TRM Copy Ctrs. Corp., 43 F.3d at 37.

      In considering a motion for summary judgment, the Court is not to resolve contested

issues of fact, but rather is to determine whether there exists any disputed issue of material fact.  See,

e.g., Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Knight v.

U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932, 107 S. Ct. 1570 (1987).

To evaluate a fact's materiality, the substantive law determines which facts are critical and which

facts are irrelevant.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

While "disputes over facts that might affect the outcome of the suit under the governing law will

---

[6/]    See also, e.g., Crown Castle NG E. Inc. v. Town of Greenburgh, N.Y., 552 F. App'x 47, 49 (2d Cir. 2014); Alzawahra v. Albany Med. Ctr., 2013 WL 6284286 at *1; Feingold v. New York, 366 F.3d 138, 148 (2d Cir. 2004); Chambers v. TRM Copy Ctrs. Corp., 43 F.3d at 36; Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d at 1223.

properly preclude the entry of summary judgment[,] [f]actual disputes that are irrelevant or unnecessary will not be counted." Id. at 248, 106 S. Ct. at 2510 (citations omitted); see also, e.g., Knight v. U.S. Fire Ins. Co., 804 F.2d at 11-12.

## III.   DEFENDANTS ARE GRANTED SUMMARY JUDGMENT BECAUSE THE STIPULATION OF SETTLEMENT AND GENERAL RELEASE ARE UNAMBIGUOUS

Settlement agreements and releases are construed according to general principles of contract law.  See, e.g., Tromp v. City of N.Y.,465 F. App'x 50, 51 (2d Cir. 2012); Collins v. Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002); Albany Sav. Bank FSB v. Halpin, 117 F.3d 669, 672 (2d Cir. 1997); Robinson v. Pierce, 11 Civ.  5516, 2012 WL 833221 at *5 (S.D.N.Y. Mar. 13, 2012) (Peck, M.J.).  "Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 463 (2d Cir. 1998); see, eg., Tromp v. City of N.Y., 465 F. App'x at 51; Loccenitt v. Pantea, 12 Civ. 1356, 2014 WL 7474232 at *2 (S.D.N.Y. Dec. 29, 2014); Smith v. City of N.Y., 12 Civ. 3303, 2013 WL 5434144 at *5 (S.D.N.Y. Sept. 26, 2013); Shain v. Ctr. for Jewish History, Inc., 04 Civ. 1762, 2006 WL 3549318 at *3 (S.D.N.Y. Dec. 7, 2006).[7]

Under New York law, the construction of an unambiguous contract is a matter of law, appropriate for summary judgment resolution.  See, e.g., Trs. of the 1199/SEIU Greater N.Y. Benefit Fund v. Kingsbridge Heights Rehab. Care Ctr., 405 F. App'x 520, 523 (2d Cir. 2010); Adirondack

---

[7]     See also, e.g., Perez v. Plaza Hotel, 02 Civ. 2225, 2003 WL 21135769 at *2 (S.D.N.Y. May 16, 2003); Gen. Motors Corp. v. Villa Marin Chevrolet, Inc., 98 Civ. 5206, 2000 WL 271965 at *15 (E.D.N.Y. Mar. 7, 2000); Thailer v. LaRocca, 174 A.D.2d 731, 733, 571 N.Y.S.2d 569, 571 (2d Dep't 1991); Skluth v. United Merchants & Mfrs., Inc., 163 A.D.2d 104, 106, 559 N.Y.S.2d 280, 282 (1st Dep't 1990); K3 Equip. Corp. v. Kintner, 233 A.D.2d 556, 557, 649 N.Y.S.2d 535, 536 (3d Dep't 1996); Appel v. Ford Motor Co., 111 A.D.2d 731, 732, 490 N.Y.S.2d 228, 229-30 (2d Dep't 1985).

Transit Lines, Inc. v. United Transp. Union, Local 1582, 305 F.3d 82, 85 (2d Cir. 2002) ("'The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment.'" (quoting Omni Quartz, Ltd. v. CVS Corp., 287 F.3d 61, 64 (2d Cir. 2002))); Bouzo v. Citibank, N.A., 96 F.3d 51, 58 (2d Cir. 1996); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1192 (2d Cir. 1996).[8/]

Where the terms of an agreement are clear and unambiguous, the Court will not look beyond the "four corners" of the agreement, and parol evidence of the parties' intentions is inadmissible.  E.g., R/S Assocs. v. N.Y. Job Dev. Auth., 98 N.Y.2d 29, 33, 744 N.Y.S.2d 358, 360 (2002) ("Unless the court finds ambiguity, the rules governing the interpretation of ambiguous contracts do not come into play. Thus, when interpreting an unambiguous contract term [e]vidence outside the four corners of the document . . . is generally inadmissible to add to or vary the writing. [E]xtrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face.") (citations & quotations omitted); see also,

---

[8/]    See also, e.g., Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan, 7 F.3d 1091, 1094 (2d Cir. 1993); Seiden Assocs., Inc. v. ANC Holdings, Inc., 959 F.2d 425, 428 (2d Cir. 1992); Metro. Life Ins. Co. v. RJR Nabisco, Inc., 906 F.2d 884, 889 (2d Cir. 1990); Nicholas Labs. Ltd. v. Almay, Inc., 900 F.2d 19, 21 (2d Cir. 1990); Hunt Ltd. v. Lifschultz Fast Freight, Inc., 889 F.2d 1274, 1277 (2d Cir. 1989); Endurance Am. Specialty Ins. Co. v. Century Sur. Co., 13 Civ. 5538, 2014 WL 4555697 at *8 (S.D.N.Y. Sept. 15, 2014) (Peck, M.J.); Wells Fargo Bank v. Nat'l Gasoline, Inc., No. 10-CV-1762, 2013 WL 696651 at *6 (E.D.N.Y. Feb. 26, 2013); Sandrino v. Michaelson Associates, LLC., 10 Civ. 7897, 2012 WL 5851135 at *6 (S.D.N.Y. Nov. 19, 2012); Robinson v. Pierce, 2012 WL 833221 at *5; Norfolk S. Ry. v. Flexi-Van Leasing, Inc., 99 Civ. 0055, 2000 WL 1855112 at *5 (S.D.N.Y. Dec. 18, 2000); ABC Radio Network, Inc. v. Lens Am., Inc., 97 Civ. 9467, 1999 WL 771360 at *3 (S.D.N.Y. Sept. 28, 1999); Air Support Int'l, Inc. v. Atlas Air, Inc., 54 F. Supp. 2d 158, 165 (E.D.N.Y. 1999); Berman v. Parco, 986 F. Supp. 195, 208-09 (S.D.N.Y. 1997); Chase Manhattan Bank, N.A. v. Keystone Distrib. Inc., 873 F. Supp. 808, 810-11 (S.D.N.Y. 1994); Royal Bank of Canada v. Mahrle, 818 F. Supp. 60, 62 (S.D.N.Y. 1993); Broadway Nat'l Bank v. Progressive Cas. Ins. Co., 775 F. Supp. 123, 126 (S.D.N.Y. 1991), aff'd, 963 F.2d 1522 (2d Cir. 1992).

e.g., S.N.J. Rail Grp., LLC v. Lumbermens Mut. Cas. Co., 06 Civ. 4946, 2007 WL 2296506 at *7 (S.D.N.Y. Aug. 13, 2007) (Peck, M.J.) (& cases cited therein).[9]

The Roberts I Stipulation of Settlement and General Release clearly, broadly and without ambiguity released "the City of New York; its successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel" from "any and all liability, claims, or rights of action alleging a violation of [Roberts'] civil rights and any and all related state law claims" from the beginning of the world until August 13, 2014.  (See pages 2-3 above.)[10]  The language of the release is not reasonably susceptible to more than one interpretation, and includes the claims in this action asserted against defendants, who are employees of the City of New York, for events alleged to have occurred several months prior to August 13, 2014.  (See page 2 above.)

---

[9]     Under New York law:

> [a]n ambiguous word or phrase is one capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.

Pantone, Inc. v. Esselte Letraset, Ltd., 878 F.2d 601, 606 (2d Cir. 1989) (quotations omitted).

[10]    Roberts argues that defense counsel has not put in a notice of appearance for any defendant other than Warden Cuin and the instant motion therefore "has no bearing as to any other defendant."  (Dkt. No. 17: Roberts Opp. Br. at 3-4.)  Defendants contend that the City of New York is not properly named as a defendant in the caption of Roberts' complaint.  (Dkt. No. 22: Defs. Reply Br. at 4.)  Either the City of New York is a defendant and will be represented by the Office of Corporation Counsel, and, as discussed below, Roberts' claims against it are barred; or, the City of New York is not a defendant and Roberts thus has not made any claims against it.  (The John Doe defendants have not been identified or served.)  Because resolution of who is properly named as a defendant or technically represented by Corporation Counsel will not affect the disposition of this motion, the Court will not address the issue further.

Courts in this Circuit repeatedly hold that releases like that in Roberts I bar suit against the City and its employees for conduct that pre-dates the release.  See, e.g., Tromp v. City of N.Y., 465 F. App'x at 52; Loccenitt v. Pantea, 2014 WL 7474232 at *3 & n.2; Muhammad v. Schriro, 13 Civ. 1962, 2014 WL 4652564 at *5 (S.D.N.Y. Sept. 18, 2014); Cuadrado v. Zito, 13 Civ. 3321, 2014 WL 1508609 at *3 (S.D.N.Y. Mar. 21, 2104); Smith v. City of N.Y., 2013 WL 5434144 at *5 (the language in the City's release "has routinely been held to bar claims brought in a separate action that is not the subject of the settlement, as long as those claims were brought prior to the date of the release."); Waters v. Douglas, 12 Civ. 1910, 2012 WL 5834919 at *4 (S.D.N.Y. Nov. 14, 2012), appeal dismissed, No. 13-195 (2d Cir. Mar. 13, 2013); Robinson v. Pierce, 2012 WL 833221 at *8.  Accordingly, Roberts is barred from bringing the claims asserted in this action by the Roberts I Stipulation of Settlement and General Release.

Roberts, however, alleges that defense counsel made oral representations that settling Roberts I would not preclude him from bringing the claims now asserted in Roberts II.  (Roberts Opp. Br. at 6.)  Roberts' counsel stated this in his brief, but did not submit an affidavit to support his claim, despite being given the opportunity to do so, and the Court could deny this argument on the basis of its lack of factual support.  Moreover, any attempt to enforce oral representations made prior to execution of the written release and settlement agreement is barred by the plain terms of those documents, including the integration clause barring oral agreements (see pages 2-3 above; see also Defs. Reply Br. at 5-6), and runs afoul of the parol evidence rule.  See, e.g., Robinson v. Pierce, 2012 WL 833221 at *6; Williams v. Time Warner Inc., 09 Civ. 2962, 2010 WL 846970 at *7 (S.D.N.Y. Mar. 3, 2010) (quoting U.S. Fire Ins. Co. v. Gen. Reinsurance Corp., 949 F.2d 569, 571 (2d Cir.1991) ("the parol evidence rule requires the exclusion of evidence of conversations, negotiations and agreements made prior to or contemporaneous with the execution of a written

[contract]")), aff'd, 440 F. App'x 7 (2d Cir. 2011).  In situations where there is an exception to a

general release, language to that effect must be included in the release.  See, e.g., Tromp v. City of

N.Y., 465 F. App'x at 53 ("If the parties had desired to enter into a limited release, barring only

claims arising out of the specific events alleged in Tromp I, they could have expressly done so, but

they did not."); Loccenitt v. Pantea, 2014 WL 7474232 at *3 n.2 ("Had the parties wanted to limit

the Release to the claims raised in Loccenitt I, they could have done so."); Robinson v. Pierce, 2012

WL 833221 at *6 (quoting Ruskay v. Waddell, 552 F.2d 392, 396 (2d Cir.) ("It would have been a

simple matter to except the claim now asserted from the blanket language of release.  The absence

of any such reservation leads us to the conclusion that none was intended." (fn. & citation omitted)),

cert denied, 434 U.S. 911, 98 S. Ct. 312 (1977)); Lewis v. City of N.Y., 10 Civ. 3266, 2011 WL

3273939 at *7 (E.D.N.Y. July 29, 2011) ("If plaintiff intended to exclude the April 2009 claims from

[the release's] ambit, 'all he had to do was say so, and insist on a release that did not bargain such

a claim away.  He did not do so then, and is thus precluded from bringing this action now.'").

Roberts' argument that the broad language in the Stipulation of Settlement and

General Release was a result of mutual mistake (Roberts Opp. Br. at 6) again is unsupported by any

affidavit but in any event is unavailing.  Under New York law, a party seeking to reform a contract

on the basis of a mutual mistake must show that the "'mistake in question is mutual, substantial,

material and exist[ed] at the time the contract [was] entered,'" and thus the contract does not reflect

a "'meeting of the minds.'"  Rep. of Rwanda v. Ferone, 307 F. App'x 600, 601 (2d Cir. 2009).[11/]

"'The proponent of reformation must show in no uncertain terms, not only that mistake or fraud

exists, but exactly what was really agreed upon between the parties.'"  Collins v. Harris-Bode, 303

---

[11/]    See also, e.g., Genger v. Genger, 14 Civ. 5683, 2015 WL 64743 at *8 (S.D.N.Y. Jan. 5,
2015); Chimart Assocs. v. Paul, 66 N.Y.2d 570, 574, 498 N.Y.S.2d 344 (1986).

F.3d 429, 435 (2d Cir. 2002) (quoting Chimart Assocs. v. Paul, 66 N.Y.2d at 574, 498 N.Y.S.2d 344); Healy v. Rich Prods. Corp., 981 F.2d 68, 73 (2d Cir. 1992) ("To reform a contract, mutual mistake must be established by clear and convincing evidence."); Genger v. Genger, 2015 WL 64743 at *8 (S.D.N.Y. Jan. 5, 2015) ("mutual mistake must be established by 'clear and convincing' evidence").

Roberts' unsubstantiated assertion that the parties forbore discussing the claims asserted in Roberts II with the mutual understanding that they would "cross that bridge when [they got] there" (Roberts Opp. Br. at 6), is not sufficient to establish a mutual mistake.   The Notice of Claim submitted by Roberts' counsel (Dkt. No. 18: Marshall Aff. Ex 1: 3/8/14 Notice of Claim) does not provide clear and convincing evidence that the parties reached any agreement other than that contained in the Stipulation of Settlement and General Release, or that the parties settled Roberts I under the mutually mistaken belief that doing so would allow Roberts to proceed with his claims in Roberts II.   Because Roberts has not presented clear and convincing evidence of a mutual mistake, he is not entitled to reformation of the unambiguous language of the Stipulation of Settlement and General Release.   Moreover, as the case law makes clear, any motion to rescind the Roberts I settlement agreement would need to be made in Roberts I, not in this case, and presumably would require Roberts to return the settlement monies he received.   See, e.g., Loccenitt v. Pantea, 2014 WL 7474232 at *3; Smith v. City of N.Y., 2013 WL 5434144 at *6.

Roberts further argues that the General Release should be "stricken," seemingly on the basis of unilateral mistake.   (Roberts Opp. Br. at 6.)   Under New York Law, a party seeking rescission on the basis of a unilateral mistake "'must establish that (i) he entered into a contract under a mistake of material fact, and that (ii) the other contracting party either knew or should have known that such mistake was being made.'"   De Sole v. Knoedler Gallery, LLC, 974 F. Supp. 2d

274, 319 (S.D.N.Y. 2013); accord, e.g., Kraft Foods, Inc. v. All These Brand Names, Inc., 213 F.

Supp. 2d 326, 330 (S.D.N.Y. 2002); see also, Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404

F.3d 566, 585 (2d Cir. 2005) ("[A] party's unilateral mistake will not provide a basis for rescission

unless it is accompanied by some fraud committed by the other contracting party.").

        The conclusory assertion that Roberts' counsel believed that "as [the parties] had

fairly and reasonably negotiated a global settlement in Roberts I, [they] would similarly negotiate

a settlement in Roberts II" (Roberts Opp. Br. at 6), is not sufficient evidence to void an unambiguous

agreement.  Roberts' counsel has not submitted an affidavit as evidence of his own understanding

of the Roberts I settlement, or anything to prove that defense counsel knew or should have known

of Roberts' mistaken belief that after settlement of Roberts I, Roberts II would proceed unimpeded.

Even if Roberts' counsel had submitted an affidavit attesting to the alleged oral agreement, oral

agreements plainly are barred by the clear and unambiguous terms of the General Release and

Stipulation of Settlement, including the integration clause.  (See pages 2-3 above.)  Accordingly,

Roberts is not entitled to rescission on the grounds of unilateral mistake.

        Finally, although Roberts asserts that throughout the pendency of Roberts I he

intended to "vindicate his rights" in Roberts II (Roberts Opp. Br. at 6), "'[w]ith unambiguous

contracts, a party's subjective intent and understanding of the terms is irrelevant.'" Cuadrado v. Zito,

2014 WL 1508609 at *3 (quoting HOP Energy, L.L.C. v. Local 553 Pension Fund, 678 F.3d 158,

162 (2d Cir. 2012)); see also, e.g., Lewis v. City of N.Y., 2011 WL 3273939 at *7.  It would have

been a simple matter to draft a settlement in Roberts I that excluded the claims asserted in Roberts'

March 18, 2014 Notice of Claim that became Roberts II.  Because Roberts did not do so he is

precluded from bringing this action, regardless of his intentions.  (See cases cited at page 12 above.)

15

Defendants have presented evidence establishing that the Stipulation of Settlement and General Release bar Roberts' claims, and Roberts has not presented evidence to invalidate those agreements.  Accordingly, defendants are entitled to summary judgment.

## **CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is converted to a motion for summary judgment, which is <u>GRANTED</u>.  Roberts' complaint is dismissed with prejudice against all defendants.


SO ORDERED.

Dated:      New York, New York
            February 17, 2015


_____
**Andrew J. Peck**
United States Magistrate Judge


Copies ECF to: All Counsel